UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FRANCESCO MANASSE, individually,

    Plaintiff,

v.

PALISADES COLLECTION, L.L.C.,           **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff FRANCESCO MANASSE alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant PALISADES COLLECTION, L.L.C.  Plaintiff alleges that Defendant PALISADES COLLECTION, L.L.C. incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged consumer debt using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff FRANCESCO MANASSE is a natural person and a citizen of the State of Florida, residing in St. Lucie County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

6. Defendant PALISADES COLLECTION, L.L.C. ("Palisades") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 210 Sylvan Ave, Englewood Cliffs, NJ 07632; Plaintiff further alleges that Palisades is a citizen of both the State of Delaware and the State of New Jersey.

7. Defendant Palisades regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. Defendant Palisades regularly collections or attempts to collect consumer debts for other persons.

9. Defendant Palisades is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

10. In 1998, the Plaintiff opened an account for wireless telephone service with AT&T, and obtained a cellular telephone.

11. This telephone was for primarily personal, household, and family purposes, to wit: Plaintiff wanted a personal cellular telephone to communicate with family and friends.

2

12. The aforementioned account was closed later in 1998, with a balance allegedly still owing to AT&T.

13. In 2003, the Plaintiff obtained a new cellular telephone and telephone number from T-Mobile, a large provider of wireless telephone services in America.

14. In 2004, AT&T sold Plaintiff's alleged consumer debt to a debt buyer, and the debt was thereafter assigned to Defendant Palisades to begin collection efforts.

15. Palisades subsequently discovered Plaintiff's new T-Mobile cellular telephone number, and began repeatedly placing calls to said cellular telephone in an effort to harass, annoy, or otherwise coerce the Plaintiff into paying the allege debt.

16. Upon answering any of these calls, the Plaintiff was greeted either by: (a) an artificial, machine-operated voice that immediately began reading a script before automatically disconnecting, or (b) a noticeable delay while the caller's telephone system attempted to connect the Plaintiff to a live operator.

17. On the occasions when Plaintiff answered and was met by Palisades's artificial, machine-operated voice, the machine always spoke as follows, and then immediately disconnected:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. It is imperative that you contact us as soon as possible at 800-414-8319. When calling back, please refer to reference number [REDACTED]. Again, that number is 800-414-8319. Thank you, and we expect to hear from you soon Francesco Manasse.

18. When Plaintiff returned the phone call by dialing the toll-free number provided in the message, a representative from Palisades identified himself as such and stated that Palisades was calling in reference to Plaintiff's alleged consumer debt.

3

19. On the occasions when Plaintiff answered Palisades's call and was connected to a live person, the caller advised that Palisades Collection, L.L.C. was calling to collect on the Plaintiff's alleged AT&T account.

20. Palisades's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

21. Plaintiff avers that in spite of numerous requests to stop Palisades's constant barrage of telephone calls, Palisades persisted on calling Plaintiff's cellular telephone hundreds of times.

22. In sum, Palisades made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff incorporates paragraphs 1 through 22 herein.

24. Defendant violated 15 U.S.C. § 1692d(6) of the Fair Debt Collection Practices Act by making debt collection telephone calls to Plaintiff's cellular telephone without meaningful disclosure of the caller's identity.

25. Defendant violated 15 U.S.C. § 1692d(5) of the Fair Debt Collection Practices Act by calling the Plaintiff's cellular telephone repeatedly and continuously with the intent to annoy and harass the Plaintiff.

WHEREFORE, Plaintiff FRANCESCO MANASSE, requests that the Court enter judgment in favor of Plaintiff and against Defendant PALISADES COLLECTION, L.L.C. for:

a. actual damages;

b. statutory damages of $1,000.00;

c. attorney's fees, litigation expenses, and costs of the instant suit; and

d. such other or further relief as the Court deems proper.

### COUNT II
### VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff incorporates paragraphs 1 through 22 herein.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff FRANCESCO MANASSE, requests that the Court enter judgment in favor of Plaintiff and against Defendant PALISADES COLLECTION, L.L.C. for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 3rd day of August, 2012.

                                                          BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /S/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of August, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 3rd day of August, 2012, on the Defendant listed below via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

PALISADES COLLECTION, L.L.C.
c/o Registered Agent
C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

                                                          BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /S/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069